IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

PETER FISCHER and
DIGITAL MERCHANDISING SOLUTIONS,

                                       ORDER

              Plaintiffs,

                                     09-cv-183-vis[1]

    v.

DALE G. SCHROEDER, LED WORLDWIDE, LLC,
FACTORY DIRECT LED LETD, STEVE JORDAL,
ROBERT SPEES, CO-DEFENDANTS 1-25, ABC
INSURANCE COMPANY, DEF INSURANCE
COMPANY and HIJ INSURANCE COMPANY,

              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiffs Peter Fischer and Digital Merchandising Systems have moved for a preliminary injunction against defendants and have asked for a hearing on the motion. Both motions will be denied. Although the parties were provided copies of this court's Procedures to be Followed on Motions for Injunctive Relief, plaintiffs never filed any proposed findings of fact as required under the procedures.

---

[1] No Article III judge has been assigned to this case, but I have assumed jurisdiction over the case temporarily to resolve the parties' current disputes.

Without any proposed findings of fact, I cannot tell whether there is any possibility that plaintiffs would be able to demonstrate a likelihood of ultimate success on any one of their 13 claims for relief. For instance, a claim of violation of Wisconsin trade secrets law requires a showing that the information was a trade secret under state law. That in turn requires showing exactly what information plaintiffs contend was a trade secret, the extent to which the disputed information was known outside the business, the extent to which it was known by employees inside the business, the measures plaintiffs took to safeguard the secrecy of the information, the value of the information to plaintiffs and to his competitors, the amount of effort or money expended by plaintiffs in developing the information and the ease or difficulty with which the information could be duplicated by others. Plaintiffs have not suggested that they can propose facts in support of any of these elements. It is not sufficient to say, as plaintiff Peter Fischer does in his affidavit, that the term trade secret covers "many of Plaintiff's designs, advertising and business procedures," Aff. of Peter Fischer, dkt. #11, at 2, or that plaintiffs "took precautions to guard trade secrets from the public and only divulged in fiduciary business situations." Id. Moreover, plaintiffs have provided no factual or legal basis on which the court could find that the parties intended and understood their oral agreement to protect plaintiffs' alleged trade secrets.

If plaintiffs had intended to pursue their copyright claim, they should have shown, among other things, that their copyright registration covered the precise information that

2

is in dispute. They did not do this.

Not only have plaintiffs failed to propose any facts that would enable a court to find that they have some likelihood of ultimate success on the merits of any of their claims, they have proposed no facts that demonstrate why an award of damages would be insufficient relief or why, after bringing this suit initially in state court in Wisconsin in 2008, dismissing it voluntarily and re-filing it in federal court, they now have a need for immediate relief. Accordingly, I will deny their motion for a preliminary injunction and for a hearing on the motion.

ORDER

IT IS ORDERED that plaintiffs' motion for a preliminary injunction, dkt. #10, is DENIED, as is their motion for a hearing on the motion.

Entered this 13th day of August, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

3